Good morning. My name is Molly Carlin. I'm an assistant general public defender in the District of Arizona, and I represent Alfredo Camargo. I'd like to reserve two minutes, but I will push the clock. So it's undisputed that if Mr. Camargo filed his second piece of our notice in accordance with the requirements of Arizona law. As a result, that notice was properly filed from 6th Avenue statute on June 2nd, 2014. So I'd like to first discuss statutory tolling and then address a couple of topics. Could you turn around the order for me? In order to do statutory tolling, it's yes, they may agree to address perhaps a difficult question about whether or not we can treat it as properly filed, even though the Superior Court screwed up and treated it as, and the state's behalf is treated as late. For equitable tolling, it seems to me we don't have to find that the state court was wrong. It's enough that the state concedes the error. Why isn't that enough to get us to equitable tolling? Well, sure, I think that the state conceding the error certainly gets to equitable tolling. I think a key question with respect to equitable tolling is the state's representation before the Arizona Court of Appeals. In the Arizona Court of Appeals, No, in the records, the state misled the trial judge, misled the Court of Appeals. Honestly, they're quite candid in saying they made a mistake. So the state court's made a mistake, it's a BS mistake. Why isn't that enough to get us to equitable tolling? I think it is. We certainly don't disagree with that. All right, so my question is, normally we say equitable tolling is when you're somehow prevented from filing on time. Is, were you? I take it, how were you prevented from filing on time? Well, we were prevented, I'd say for two reasons. We're having problems with the clock, by the way. Okay. Well, I'd say for two reasons. I'll be eight minutes, so that's four minutes. Thank you, Judge. Well, first, she was misled to believe that no protection petition was necessary. Because the state argued that he was misled by whom? By the state. Well, in 2009. No, they took the same incorrect decisions around. They were never inconsistent. They were always wrong. They were never inconsistent. The trial judge was wrong. The Court of Appeals was wrong. The Court of Appeals was discretionary review, so it's harder to say, it just wasn't discretionary. Well, how did that, you knew right after the trial judge made the mistake that a protective petition was possible. Would it have been timely? Like how? No, it's, let's assume right after the trial judge on the second PCR court had said, this is a successive petition, it's not, I, I, I fail to recognize that it's attacking the first PCR counsel. So, second judge makes a mistake, enters an order. Had you filed a protective petition at that time, would it have been timely? I'm not sure it would have, that's why I'm asking. Would he have been timely? Yeah, in other words, would you have been within the one year, counting all the time of when the first PCR is told? If I understand your question, his federal petition would have been timely, unless it had been dismissed, which is very possible given that the state had been arguing at that time that his claims were unexhausted and he had a right to counsel, had he proceeded back to the state court. And I'm not at all suggesting you should have done this, but I'm asking because I think I know the answer, but I want to be sure. Had your client perfectly advised at the point when the judge entered the second PCR where he was saying, I'm sorry, this is excessive, therefore it's not timely as a matter of state law, had your client filed a protective federal petition at that point, it would have been timely as a matter of federal law, correct? Yes. Okay, that's all I'm asking. Yes. How are we to consider the fact that it wasn't filed? I mean, the law clearly indicates that in the extreme course of the case, it talks about the fact that the need to file a protective order, particularly in the context of consideration of underlying timeliness, does it not? Okay, so I want to, if we're still talking about equitable tolling, I want to push back on that in a couple of ways. One, even in the case when it's considered equitable tolling, the Supreme Court actually talked about whether he was diligent in filing the state petition. Let's not talk about equitable tolling because I think it's easier and I'm just retarding to be on that. Let's talk about statutory tolling. Okay. So, with respect to statutory tolling, I think there are two, more than two points, actually. So, I'd first like to talk about the fact that the state represented that his petition was precluded and not on timely. So, at the point at which he. That's the same thing, isn't it? The second one was precluded because it wasn't filed within 30 days after the conviction because it was not an attack on trial court counsel. So, precluded and not timely are really the same words here, aren't they? I think not necessarily, Your Honor, because if it was precluded, then he wasn't required to file a federal petition. If it was successive, then no federal petition is required. So, if that is what he understood, if that is what he understood, and indeed Mr. Simpson agrees that that was incorrect, and Mr. Simpson argues that that was a reasonable mistake, that that was a reasonable mistake, then certainly it was reasonable for Mr. Camargo, who had no access to political materials, didn't speak English, to think, oh, well, my petition was precluded. It wasn't on timely. So, then he wasn't required to file a federal petition. Personally, I'll give it like that. Would his federal petition have been timely? His federal petition, as he thought, as he thought about this, then yes. Why it was filed? Well, after a year, is there a particular reason? Well, the second notice would have told, would have told time. Even if it was precluded, you're switching back and forth. My problem is that if you treat the second notice precluded, it wouldn't have told time. I believe, yes, it would. If it's treated as precluded, as opposed to precluded or successive, then it does tell time. I don't have the case in front of me, but it is cited in our briefs that successive petitions are, they're considered conditions to filing. Actually, I believe our twos may say that. They're conditions, sorry, they're conditions to obtaining relief, not conditions to filing. And so, conditions to obtaining relief. Because the court could have treated it, is what you're saying. It's precluded, but the court could have treated it. I have a question about it. Let's assume, for the sake of this question, that Judge Hurwitz's theory is correct, and that is that the state took the position that the state filing was untimely, even though that was clearly wrong. For what period of time does that mistake grant equitable totaling under that theory? Until what happens? Until the second PCR? Until the state acknowledged its error? Until what? Because normally, we look at the situation. If there's a lockdown, we say, okay, it was three days, or it was 10 months, that makes a difference. So, using that theory, what's the right period of time? If the state is led, I was trying to make sure I understood your question. Using Judge Hurwitz's theory, which is the state erroneously took the position that the state filing was untimely, it should have been accepted and dealt with on the merits, and it wasn't. Using that theory, what is the period of time during which equitable totaling would apply, at least for that beginning from, well, equitable tolling would apply for the entire period through the, at least through the completion of the second petition, which was through March 27th, 2013.  Why? Because the, because tolling, because he was misled to believe by the, well, I'll say the two things. First, by state law itself. He had a right to rely on state law. He could look at state law and say, huh, state law says I was right. And it views itself when it's looking at equitable tolling. Instead, he should have gone back, and I think Pruden also supports that, he should have gone back and just looked at state law and verified that he was, that he was correct. And then you filed a petition for a view to the court of appeals and said, I was correct. And the state said, no, no, this was, this is an attack. Same thing, reasons we said below. Well, I wouldn't agree with that, because the state said, he's summarily dismissed, or he's a statement in our petition, and the court feels it's summarily dismissed. Well, it wasn't actually a question. It wasn't a question. It was that during at least that period of time, the state still hadn't conceded its error. That's true. And then the state Supreme Court then affirmed. There was a petition for a view to the Supreme Court. Right. My look at the record suggests that the state didn't respond to the petition for a view. Is that right? The state just filed an informal, so the state filed an informal. Please deny. Right. Please deny. And to the end of the statement, it said the trial court was right. However, in its telebriefing, it said the trial court denied. So to get back to Judge Graber's question, at least throughout the period of the second PCR, whatever, put aside what your client objectively thought or subjectively thought, the state's position was still that the second PCR was untimely, because it was an attack on trial counsels and their victims. To be clear, the state's position was never that it was untimely because it was. Well, it had to be that it was untimely, because you must be. The trial judge understood this. The trial judge said it was filed too late. If you want to attack trial courts, trial counsel's effectiveness, it has to be within the first 30 days. I'm looking at the trial court's order. The second PCR. He said, too late. This is about trial court's effectiveness. You should have brought that up before. Right. However, in its briefing, the state actually said that the – in its briefing, the state actually represented that the claim that had been raised was in effect the second PCR. That's what I meant. Right. But the trial judge understood it to be an attack on trial counsel. That's true. I think it's important to point out, and that's why we're not necessarily saying that the trial judge was wrong in the state law because it simply misconstrued the claim that was raised. You have exceeded your time, but we'll give you a minute for rebuttal. The state has many questions. May it please the Court. Counsel. David Simpson from the Arizona Attorney General's Office on behalf of the state. Mr. Simpson, let me ask you a predicate question. Sure. And I applaud your candor in your briefing, as your office is consistent in the candor of the briefing. The statute of limitations, the upper statutes in affirmative defense, is it not? Correct. It's not jurisdictional. Correct. Why in the world should we believe it in this case? Please, could you, when you go back to the argument today, go talk to General Berdovich and suggest to him that this would be, like, the most appropriate case I've ever seen for the state winning statute of limitations? Your Honor, had I known that it would unfold this way, we would have considered that differently. I think the merits are by far the easier way to decide this case. Let's assume for a moment that we're lazy and don't want to get to the merits of the claim, which nobody has ever done yet. Right. We generally don't like to do stuff in the first instance. Assuming that's the preference of the panel, would you be adamant to mediation in this case or to discussing settlement with the other side? No, Your Honor, because I still think the statute of limitations argument is correct. Wow, okay. So, yes. Your shot. I think the statute of limitations argument is correct. I think it's a more difficult way to resolve a case, but I still think it's a right way to resolve a case. Do you agree that it occurred, the difficulty in this case occurred, in part because your office misrepresented to the second PCR judge the nature of this pro se petition? So, let me clarify actually what the office's representations were. So, at the trial court PCR level, the state filed nothing. Right. Look, I agree that one got dismissed. Correct. It was dismissed appropriately. Well, it may not have got dismissed appropriately, but it was dismissed and you're not contending that the first PCR expiration of time wasn't solved. Correct. Okay. So, now we get to the second one. Oh, no, I'm sorry. The second PCR petition, Your Honor, the second PCR petition at the trial court level was dismissed sua sponte as untimely. Right. Okay. And so, and you agree that it was timely? Correct. Okay. In the opinion of the state executive branch, yes. Okay. Well, in the opinion of the state judicial branch, in our view, they made a mistake. So, did you tell them that they were making a mistake? We did not. That's what I saw, too, that you didn't go in and say, Judge, we ask you to reconsider this because you've made a mistake. This was not untimely. Right. Now, this is actually a good point, Your Honor, because as far as I'm aware there's at least one other case that's currently being handled by our office where the same mistake has been made. And in that case, Habeas Petitioner filed a protective petition. That alerted the Arizona Attorney General's office to what was going on at the county level, and we were able to intervene and say you're making a mistake. But in this case, what the petitioner did was file a petition for review. Which should have been successful. Correct. And you filed an opposition to it saying, no, no, the trial judge was right. Correct. So, I really do want to clarify this. So, what happened here is the county attorney filed a response that. And you are the state, correct? Yes, I'm the state. I'm the attorney general. Correct. But we represent the state, so that's fair to all of us to get representation. What they represented is, so I'm looking at page 551 of the excerpt of record, said the trial court summarily dismissed petitioner's success of PCR filing for raising improper claims in an untimely or successive PCR proceeding. That's wrong. So, that could be. Correct. That's wrong. That's wrong on both counts. Correct. That's wrong on both counts. And then it proceeds to go on and to discuss whether the petition was successive under state law. But I think the important thing. Agree. Agree. Okay. So, the state of Arizona filed a court of appeals. I understand the trial judge goofed on his own in responding. Right. That often happens. So, I'll cut to this. Of course, the people goof on the trial judge. So, we're told more often than we'd like. The trial judge makes a mistake on his own. The pro se petitioner goes up to the court of appeals and says, your honors, the judge has made a mistake. This is, I just faced an attack on the effectiveness of my PCR counsel, which is an overriding PCR because that's a substitute for my direct appeal. And the state says, I don't know, it's a successive or untimely petition. And the court of appeals, which is also very busy and has thousands of these, and relies on the state's response, looks at it and denies review. We don't know why they deny review because it's discretionary. Right. They deny review. So, I understand that everybody is at fault here. But under those circumstances, you saying a pro se petitioner should have known that the state was going to misrepresent to the court of appeals what was going on here so that it wouldn't require a review. Because I guarantee you, if your brief had said, the trial judge may have said this was a timely petition, the Arizona court of appeals would have granted a review and remanded. I agree. I agree. But the issue, your honors, not just that a mistake was made, but that whether that mistake was raised in federal court in a timely way. And so, where mistakes are, mistakes happen in criminal litigation, but society has a powerful interest in ensuring that they are corrected in a timely way. But that's why I assumed at the beginning, and for statute of limitations, it's an affirmative defense that you can choose not to raise. Correct. And all the equities are just all on the other side in this case. I don't think so, your honor. Not on the merits. Not on the merits. We're not talking about that. We're talking about the timing, equities. I agree with what's claimed in the petition. The trial counsel may have been reporting. ECR counsel may have been, too. But here's a pro se client who is told by the state and by both the executive and the judicial branches that the petition is not timely. Correct. So, why is he supposed to know better? Because that's exactly what Pete says, your honor, is that when there's reasonable confusion about whether a round of post-conviction review will be rejected as untimely, a petitioner must file a protective petition. There's no reasonable confusion here, is there? You're a very experienced lawyer, and your office is very good. The moment you looked at this, indeed, the moment that I looked at it, I screwed around with some of these over time. I said, oh, my God, somebody made a mistake here. And your office, to their great credit, once it got to the appellate level to our courts that you had to take over, looked at it and said, oh, my gosh, somebody made a mistake here. Why isn't the pro se prisoner entitled to look at this and say, somebody made a mistake. If I just keep asking the Arizona courts to look at this, they'll fix it. And one reason they didn't fix it was because the county attorney said to them, I don't think they'd fix it. So I think the argument that you're making, Your Honor, is the argument that the censors made at pace. The only difference, perhaps, was pace represented. I am not sure whether pace was represented, but the court has never drawn a distinction as far as represented versus unrepresented in terms of whether a protective petition is filed. The only possible distinguishing factor would be the state's representations. That's a big deal. I mean, why isn't that all by itself an entitlement to equitable tolling? I know that's Judge Hurwitz's question as well. Why isn't that almost per se a matter for equitable tolling when the state, as an entity, and not you personally, but the state as an entity, gets it wrong and insists on a wrong answer that prevents this person from having the merits of the matter heard? Because that's what it did. That's the whole point of equitable tolling. It prevents something outside the control of the individual that prevents it from being heard on the merits. And it's hard to think of anything more outside its control than what the state says. Because regardless of what the state is saying, when the trial court holds that it is untimely, he is on notice at that point that there is at least a possibility of reasonable confusion about whether the statute of limitations will be told, and he must file a protective petition. But let's assume that he files his petition for review in the Court of Appeals, and the state does, the county attorney, does what he's supposed to do. He says, Your Honor, I've looked at the record, and my gosh, he's right. As you're suggesting. And bingo, it gets heard on the merits. Do you have any doubt the Court of Appeals will have sent a petition to the United States? I would hope it would. I can imagine it would. It never fails to have sent a petition with the states, as it should be. So I can maybe answer this in a different way, though. So let's say that the state's representations before the Arizona Court of Appeals, entitle them to some degree of equitable tolling. And he maybe is reasonably, or I don't assume arguendo, he's reasonably thinking that, all right, well, this will get fenced by the Arizona Court of Appeals because it's clearly wrong. So the Arizona Court of Appeals denies discretionary review on March 27, 2013. And I'm sorry, that's the Arizona Supreme Court. The Arizona Court of Appeals denies discretionary review December 4, 2012. And he doesn't file his habeas petition for 364 more days. So even if you give him equitable tolling until the Arizona Court of Appeals renders its decision because you think the state is, because you're holding it against the state. So it would carry on through the comments to the Arizona Supreme Court. The Arizona Supreme Court, the state did not file a response. It filed a notice of acknowledgment. It took no action. It did not issue a notice of acknowledgment. It just did not issue a cleric to fix the problem. So the fact that it is later doesn't take any action doesn't undo the fact that it was affirmatively misrepresenting or on the wrong side of the determination earlier, does it? Correct. I mean, so it doesn't. So wouldn't we consider that as part of the equitable tolling, the extent that we did? I mean, it took no action. It didn't fix it, per se. Because ultimately the question is whether there was an impediment that prevented a reasonably diligent petitioner from filing on time. What's your notice of acknowledgment saying? It reminds me of one. I think it says we, I think it says our response should be denied for the reasons that it was denied for. Correct. Our response is necessary, but we wouldn't waive the ability to file a response. So don't you think under those circumstances, it's what the Arizona Supreme Court might reasonably do, is take a look and see whether there's a point to stay set on? Yes, I think that's a reasonable assumption. But I think the point is, again, though, not just whether the state's made a mistake, because, again, we completely agree that the state's made a mistake here, but a petitioner still has a duty to raise those mistakes. I just want to ask the question that I asked you to begin with differently. What's your interest in asserting a statute of limitations here? I mean, that's a particular case. It's not another. I mean, it's not going to happen. This confluence of issue costs is usually considered. It's not going to happen very often. You're not going to make a mistake. The trial court's not going to make a mistake. I can count on the fingers of one hand the number of times an attorney general stood up to a lawyer and said, I'm sorry. The state made an error down below. Given how rarely this happens and how frivolous you think his claim is on the merits, why not let it change? It never occurred to me that the district court wouldn't just address it on the merits anyway. And actually, when the district court wanted to grant a certificate of appealability on this claim, we responded or we objected and said, no, if you're at all concerned about the time bar issue, then go ahead and address the merits because they're easier. But I think the state's interest in this, particularly if you look at a case like this where there's a guilty plea, and so we don't have evidence in the record. And so as far as the other points that I brought up. My challenge to the fact that it would affect justice and counsel was the fact that they didn't get evidence. So to say there's no evidence in the record based upon a claim or he's saying, by the way, one of the reasons why my trial trial was ineffective is that they didn't actually gather evidence. That's it. To correct you, Your Honor, that's actually not the claim that's raised here. The claim that's raised here is a constructive denial of counsel due to the claim. Well, there is some debate about that in the context of how to understand that. I don't know if that's your position. Right. And particularly in the context of pro se petitioning. But there is at least some discussion in this case about not gathering evidence in the investigation. Is there not? There is. That came up from the magistrate judge, I think, improperly reading a number of claims that appear nowhere in the facts of the case. How do you read it the way you read it? So what you said, it's an attack on first of right PCR counsel's offenders. Yes. For failure to raise. One reason there's nothing in the record is that the second PCR was dismissed. It was lauded by the trial court. No. Had the second PCR not been dismissed, Mr. Camargo could have attempted to make a record about what appellate counsel, first appellate counsel. So let me clarify what I was referring to about the state of the record. So I think these claims are clearly merits. It's on their merits. But setting that aside for a moment, you know, God forbid this case has to go back, habeas relief is granted, and a new trial is granted. It's going to be much harder for the state to retry this case four, five, six, seven, eight years down the line than it would be if it were raised in a timely way. And that's particularly true in guilty plea cases because you may not have the witnesses on the record. So the state suffers real prejudice, and society as a whole suffers real prejudice when these claims are not raised. But would you do agree that had the second PCR not been improperly dismissed, whatever record that was necessary for the federal court to act on the claim of ineffectiveness of first PCR counsel would have either been made or not made in the second PCR? I think the record as it stands is amply sufficient. That wasn't the question I asked. I mean, to the extent that any record was necessary here. Assuming further record was necessary, he would have made it in the second court and would have made it in the PCR. Correct me if I'm wrong. Thank you for asking counsel. Thank you, Your Honor. Your time has expired. Ms. Carlin, you have a minute. Thank you, Your Honor. I'd like to just briefly go back to the timeline at this point. So the state has argued that the diligence required, diligence in filing a federal petition, but that's not supported by the case law. Now, Pace actually looked at whether his failure to file a protective petition was excused, and that's in Pace's equitable tolling argument at the end of Pace. The equitable tolling inquiry there was whether he was diligent in filing his state PCR. And then after the fact said, oh, and by the way, he also waited a few months before filing his federal petition. And there's a similar inquiry in Buckles. As for the state's failure to speak up and to tell the Court of Appeals or the state's Supreme Court, hey, by the way, we made a mistake below. The Tribal Court made a mistake. SOSA mentioned, SOSA-PDS mentions that the state has a responsibility to speak up and can't lie in the midst of decisions like the petition is untimely. I can try to answer that. If you knew these larger maps, you wouldn't be involved. But I was interested in Mr. Simpson's response. Let's assume that there's equitable tolling right up to the point where the Court of Appeals denies the petition for appeal. I think there would be equitable tolling from the time of the claim right up to that, correct? Yes. So if you filed 364 days later, it would be timely, wouldn't it? Yes. I just want to correct one thing. It would be from the time that he is open, from the time that tolling, from the time that it became direct on the record. Yes. And so unless you had in the time through the Arizona Supreme Court, it wouldn't necessarily be timely because it would have been more than 364 days. Well, I think it has to be tolled through the time. I understand that. The math question is, the math answer, I think, is that unless the equitable tolling is valid through the time the Arizona Supreme Court had the case and decided that it wouldn't be enough time, Your Honor, I would have to take a look at it. Well, we can do the math later. I was just hoping one of you could respond. Mr. Simpson, obviously, had. I just wondered if you could respond to it. So basically, the standard argument is a one-way ratchet. Any errors in the state's benefit and the legislature's detriment, they can't be brought forward. Thank you, counsel. The case just argued is submitted, and we appreciate very much the arguments of both counsel. As you can tell, it's a bit of a confusing record, and you've been very helpful.
judges: Graber, Hurwitz, Boulware